IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOSE IGNACIO SANDOVAL, | ) | |
| | ) | |
| Petitioner/Defendant, | ) | No. CV 24-3018LTS |
| | ) | No. CR 13-3003LTS |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

GOVERNMENT'S RESPONSE AND MEMORANDUM IN SUPPORT
OF GOVERNMENT'S RESPONSE TO PETITIONER'S
MOTION UNDER 28 U.S.C. § 2255

I.      INTRODUCTION ......................................................................................... 2

II.     BACKGROUND AND PROCEDURAL HISTORY ........................................... 2

III.    ARGUMENT ............................................................................................... 4

        A.    Standard for Relief Pursuant § 2255 ....................................... 4

        B.    Ineffective Assistance of Counsel ........................................... 5

IV.     MOVANT IS NOT ENTITLED TO AN EVIDENTIARY HEARING .............. 12

V.      CONCLUSION ......................................................................................... 13

1

## I. INTRODUCTION

Respondent, United States of America, respectfully submits the following memorandum in support of its resistance to Petitioner's (hereafter "Movant") pro se motion and brief under Title 28, United States Code, Section 2255.   (CvD 1).[1]

## II. BACKGROUND AND PROCEDURAL HISTORY

On July 25, 2013, movant filed a motion to suppress all evidence obtained from the search of his residence, including movant's incriminating statements from a post-*Miranda* interview after his arrest. (R. Doc. 110).   On October 23, 2013, this Court accepted a report and recommendation denying the motion to suppress. (R. Doc. 150).

On November 5, 2013, movant pled guilty to one count of conspiracy to distribute 500 grams or more of a substance or mixture containing a detectable amount of methamphetamine which contained 50 grams or more of actual (pure) methamphetamine in violation of 28 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (R. Doc. 155; PSR ¶ 1).   This guilty plea was conditioned on review by the Eighth Circuit Court of Appeal of the denial of his motion to suppress evidence.   (CvD 7, p. 2).   The Eighth Circuit Court of Appeals affirmed the denial of his motion to

---

[1]     The following abbreviations will be used throughout this Memorandum: (1) "R. Doc." refers to Movant's criminal docket and is followed by a docket entry number; (2) "CvD" refers to Movant's §2255 civil docket and is followed by a docket entry number; (3) "PSR" refers to the Presentence Investigation Report and is followed by a paragraph number; (5) "AF" refers to the sealed affidavit of Jim McGough found at CvD 15 and is followed by a paragraph number.

suppress evidence on July 24, 2023. (R. Doc. 7, pp. 2-3). Movant failed to self-surrender and absconded to Tijuana, Mexico, where he remained for eight years. (CvD 7, p. 2). Eventually, movant surrendered himself at the United States/Mexico border and was seized by the United States Marshal's Service and returned to this district for sentencing. (CvD 7, p. 2).

On April 28, 2022, movant was sentenced to 188 months' imprisonment and five years' supervised release. (R. Doc. 278, 279). Movant appealed his conviction, claiming this Court erred in denying his motion to suppress the search of his residence and his subsequent statements to law enforcement, however, the Eighth Circuit Court of Appeals affirmed this Court's denial of his motion to suppress. (R. Doc. 290, 291).

On March 17, 2024, movant signed his Pro Se Motion to Vacate, Set Aside or Correct Sentence, which was timely received by this Court on April 2, 2024. (CvD 1). Movant claims he received ineffective assistance from his counsel. (CvD 1, pp. 4-5). Specifically, movant asserts two ineffective assistance of counsel claims: (1) counsel failed to effectively suppress his confession (CvD 1, p. 4); and (2) counsel failed to argue his confession was the fruit of an illegal arrest because the search did not reveal evidence justifying the exigency exception for a warrantless arrest. (CvD 1, p. 5, 16).

3

## III. ARGUMENT

### A. Standards for Relief Pursuant to § 2255

The general standards of relief pursuant to Section 2255 puts a high burden on movant. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order for a movant to prevail on a § 2255 motion, the movant must show evidence of a violation of the Constitution or the laws of the United States. *See Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003). Errors that could have been raised at trial or on direct appeal are procedurally barred and cannot be argued through a § 2255 motion absent a showing of cause and prejudice, see *United States v. Frady*, 456 U.S. 152, 167-68 (1982) or absent evidence that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988). To obtain collateral review of a procedurally defaulted issue, movant must show "either cause and actual prejudice, or that he is actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Regardless of whether the district court's decision grants or denies the relief requested in the § 2255 motion, the Eighth Circuit Court of Appeals will review the district court's decision de novo. *See United States v.*

4

*Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004). Underlying fact-findings are reviewed for clear error. *See United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006).

### B. Ineffective Assistance of Counsel Claims

Movant's claims for collateral relief are based on alleged ineffective assistance of counsel. The Sixth Amendment of the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. This right guarantees a criminal movant effective counsel both at trial and on appeal. *Evitts v. Lucey*, 469 U.S. 387, 395 (1985). As noted above, claims of ineffective assistance of counsel are properly raised in a § 2255 motion because these claims often involve facts outside the record. *United States v. Jones*, 586 F.3d 573, 576 (8th Cir. 2009). Such claims can excuse a procedural default, but "[i]n order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." *Evans v. Luebbers*, 371 F.3d 438, 445 (8th Cir. 2004). To establish ineffective counsel, a movant must demonstrate: (1) his attorney's performance was deficient and fell outside the range of reasonable professional assistance; and (2) he suffered prejudice by showing that, absent counsel's ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different." *United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (*citing Strickland v. Washington*, 466 U.S. 668 (1984)).

When evaluating a counselor's performance under the first prong of this test, courts "operate on the 'strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" *Id.* (*quoting Strickland*, 466 U.S. at 689). "Of course, the Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *United States v. Cronic*, 466 U.S. 648, 657 (1984). In addition, it is well settled that "[t]rial counsel's strategic decisions are 'virtually unchallengeable unless they are based on deficient investigation, in which case the "presumption of sound trial strategy . . . founders on the rocks of ignorance."'" *Forsyth v. Ault*, 537 F.3d 887, 892 (8th Cir. 2008) (*quoting Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006), in turn *quoting White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005)) (decisions when to cut off investigation of an issue and what defenses to present are unchallengeable strategic ones); *see also James v. Iowa*, 100 F.3d 586, 590 (8th Cir. 1996) ("[R]easonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful."). Courts also "do not evaluate counsel's performance using 'the clarity of hindsight, but in light of the facts and circumstances at the time of trial.'" *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) (*quoting Carter v. Hopkins*, 92 F.3d 666, 669 (8th Cir. 1996)); *see also Evans*, 371 F.3d at 445 ("[W]e have frequently recognized that the strategic and tactical decisions made by counsel, though they may appear unwise in

6

hindsight, cannot serve as the basis for an ineffective-assistance claim under *Strickland*.").

A movant also faces an uphill battle proving prejudice under the second prong of the test for ineffective assistance of counsel. Mere speculation does not establish prejudice. Instead, a movant must demonstrate that counsel's incompetent acts "'undermine confidence in the outcome,'" or present a reasonable probability that the outcome would have been different if not for those acts. *Kemna*, 590 F.3d at 596 (*quoting Strickland*, 466 U.S. at 694); *see also Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) ("'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'") (*quoting Strickland*, 466 U.S. at 693). "'[I]n determining the existence *vel non* of prejudice, the court must consider the totality of the evidence before the judge or jury.'" *Kemna*, 590 F.3d at 596 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

Since a movant must show both deficient performance and prejudice, a court reviewing ineffective assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006) ("If the defendant cannot prove prejudice, we need not address whether counsel's performance was deficient.") (internal quotation omitted); *Brown v. United States*, 311 F.3d 875, 878 (8th Cir. 2002) ("Having found [movant's] counsel's performance adequate, we need not address the issue of prejudice under the second prong of the *Strickland* test."). Also, each individual claim of ineffective assistance "must rise or fall on its own

merits," meaning that courts should not take into account the "cumulative effect of trial counsel's errors in determining Strickland prejudice." *Middleton v. Roper*, 455 F.3d 838, 851 (8th Cir. 2006); *see also United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) ("[W]e have repeatedly rejected the cumulative error theory of post-conviction relief."); *United States v. Robinson*, 301 F.3d 923, 925 n.3 (8th Cir. 2002) (noting that the Eighth Circuit has rejected the cumulative error doctrine and that "the numerosity of the alleged deficiencies does not demonstrate by itself the necessity for habeas relief"); *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation.").

The Eighth Circuit Court of Appeals has held that claims of ineffective assistance of counsel fail under the prejudice prong if sufficient evidence exists to uphold a conviction. *Furnish v. United States*, 252 F.3d 950, 952 (8th Cir. 2001).

### 1. **Failure to Effectively Suppress Movant's Confession**

Movant claims trial counsel was ineffective for failing to effectively suppress his confession, arguing that an officer's affidavit in support of the application for a search warrant contained false statements by movant's co-defendant about him providing detailed directions to movant's residence and counsel failed to investigate that affidavit. (CvD 1, p. 4). Movant argues had counsel investigated the facts in the affidavit, he would have discovered the false statements, therefore he failed to make a *Franks* challenge to the warrant. (CvD 1, p. 4).

8

This claim is refuted by the record. Former counsel filed a motion to suppress all evidence obtained from the illegal search of movant's residence, as well as any and all fruits of the illegal search and seizure, including but not limited to movant's arrest and any statements. (R. Doc. 110, p. 1; AF ¶ 9). In particular, one of the arguments included in movant's brief in support of the motion to suppress claimed there was insufficient probable cause for issuance of the search warrant. (R. Doc. 110-1, pp. 7-8). Counsel argued the information provided by movant's co-defendant was not credible, nor did law enforcement take any steps to corroborate the information provided by movant's co-defendant. (R. Doc. 110-1, pp. 7-8). Counsel argued law enforcement should have taken steps to corroborate the information through controlled buys or surveillance of the residence in question. (R. Doc. 110-1, p. 8). Counsel further argued because of the lack of corroboration by law enforcement, the application and search warrant lacked probable cause, and the consequential search warrant was a violation of the Fourth Amendment requiring suppression of any evidence obtained as a result of the search. (R. Doc. 110-1, p. 8). This Court denied movant's motion to suppress. (R. Doc. 135). Movant's appeal to the Eighth Circuit Court of Appeals on this issue failed, and this Court's denial of the motion to suppress was upheld. (R. Doc. 290, 291; AF ¶ 9). Although former counsel's trial strategy to suppress movant's confession and all evidence obtained from the search of movant's residence was not successful, it does not constitute ineffective assistance of counsel, *see James v. Iowa*, 100 F.3d at 590. Additionally, a supplemental report from law enforcement contained in the

9

government's discovery file contradicts movant's claim that statements by his co-defendant were not credible and that law enforcement failed to corroborate said statements.

> This agent asked POOLE where NACHO lives at. POOLE stated NACHO lived off the Kamrar exit and you take a right. POOLE stated NACHO lives on a farm and there is a barn on the right and no one around. This agent asked Deputy Timmons if he knew the location POOLE was referring to. Deputy Timmons and POOLE then discussed the directions to NACHO's residence. POOLE stated it was four miles north of the railroad tracks. POOLE also stated there is a red Durango usually parked there.

(AF ¶ 10; Exhibit F, p. 4). These statements are consistent with the supporting information contained in the affidavit from the agent in support of the search warrant application for movant's residence. (AF ¶ 10).

Finally, former counsel reviewed a video recording of movant's co-defendant's custodian interview contained in the discovery file. In said recording, movant's co-defendant provided directions, with specific details, to movant's residence. (AF ¶ 11). The information provided in this video recording corroborates and is consistent with the information provided regarding the location of movant's residence as set out in the supplemental law enforcement report, as well as the information in the agent's affidavit supporting the search warrant. (AF ¶ 11).

Former counsel's review of government's discovery file in this case revealed no good faith basis for counsel to challenge the statements made by officers relating to movant's co-defendant's statements, nor did it provide a good reason to believe there was any viable *Franks* challenge. (AF ¶ 12). Movant and his girlfriend maintained regular contact with counsel's office. (AF ¶ 14). A review of former

10

counsel's file in this matter did not show any evidence or notes that movant or anyone acting on his behalf expressed a belief that the statements by law enforcement regarding the location of his residence were false, nor did they request counsel take additional steps to investigate this matter further. (AF ¶ 14).

Also, former counsel, after reviewing the evidence, had no reason to investigate and/or challenge law enforcement's statements regarding movant's residence as all the information was accurately and consistently recounted in the supplemental report, as well as the affidavit in support of the application for search warrant. (AF ¶ 15). Additionally, during the search of movant's property pursuant to the search warrant, movant was given his *Miranda* warning and questioned by law enforcement. Movant admitted his co-defendant had been to his residence the previous day. (AF ¶ 16). During the search of movant's residence, law enforcement located a methamphetamine pipe, digital scales, box of plastic bags, several firearms and ammunition. (AF ¶ 16).

Between the supporting information in the agent's affidavit for the application for search warrant, movant's admission that his co-defendant was at his house, and the recovery of the drug paraphernalia during the search, former counsel believed there was sufficient probable cause to support a formal arrest. Former counsel did not believe there was a good faith basis to advance any challenges of an illegal arrest. (AF ¶ 17). Counsel is not required to fabricate a defense that is not present. *Cronic*, 466 U.S. at 657.

Therefore, movant's claim on this matter is not factually correct, not supported by the record and without merit.

        **2**.      **Failure to Argue Confession was Fruit of an Illegal Arrest.**

Movant claims trial counsel was ineffective for failing to argue that his confession was fruit of an illegal arrest arguing no evidence was present for a warrantless arrest.   (CvD 1, p. 5).

This claim by movant essentially piggy-backs off of his first claim.   For this to be a valid claim, movant's first claim would need to be valid.   As outlined previously, it is not.   Therefore, the government stands on it's response to movant's petition as set out in his first claim.

Therefore, movant's claim on this matter is not supported by the record or the facts and without merit.

## IV.    MOVANT IS NOT ENTITLED TO AN EVIDENTIARY HEARING

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Cardenas-Celestino v. United States*, 552 F. Supp. 2d 962, 968 (W.D. Mo. 2008) (*citing Sanders v. United States*, 341 F.3d 720, 721 (8th Cir. 2003)).   In other words, a petitioner is "entitled to a hearing on a § 2255 motion unless the motion, files, and record conclusively show that the defendant is not entitled to relief." *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) (*quoting Koskela v. United States*, 235 F.3d 1148, 1149

(8th Cir. 2001)). Movant's allegations cannot be accepted as true because they are contradicted by the record and are conclusions rather than statements of fact, therefore, movant is not entitled to an evidentiary hearing, nor is one necessary.

## V.  CONCLUSION

For the above stated reasons, movant's motion is without legal or factual support and should be denied in its entirety with no, or limited, evidentiary hearing.

Respectfully submitted,

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026 I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ Jean Wordekemper

LEIF OLSON
United States Attorney

By: /s/*Shawn S. Wehde*

SHAWN S. WEHDE
Assistant United States Attorney
600 4th Street, Suite 670
Sioux City, IA   51101
(712) 255-6011
Shawn.Wehde@usdoj.gov